**In re CITY OF STOCKTON, CALIFORNIA, Debtor.**

No. 12–32118–C–9.
DC No. JTS–1.

United States Bankruptcy Court, E.D. California.

Sept. 18, 2013.

Marc A. Levinson (argued), Patrick B. Bocash, Orrick, Herrington & Sutcliffe LLP, Sacramento, CA, for Debtor.

Joseph T. Speaker (argued), Koeller, Nebeker, Carlson & Haluck, LLP, Roseville, CA, for Dean Andal.

**OPINION**

CHRISTOPHER M. KLEIN, Bankruptcy Judge.

Here is another facet of the balance between state sovereignty and federal bankruptcy power in a chapter 9 case regarding adjustment of debts of a municipality. This time it is citizen litigation

challenging a ballot description of a tax proposed to the electorate by the City of Stockton.

The movant intends to petition a state court for an order requiring the City to modify its ballot statement describing a tax increase on the ballot in an upcoming election. The ballot-statement issue potentially presages another dispute whether state law requires that voter approval be by a simple majority or by a super-majority.

The question here is whether it is necessary for the bankruptcy court to grant relief from the automatic stay of 11 U.S.C. § 362(a) or from the additional automatic stay of 11 U.S.C. § 922(a) before the ballot-statement litigation commences. Although the analysis may be straightforward to bankruptcy specialists, the paucity of judicial decisions invites confusion. Parsing those sections in light of the Bankruptcy Code's definition of "claim" for which the common denominator is a right to payment of money leads to the conclusion that relief is not required so long as there is no effort to obtain any kind of monetary award against the City or its officers or personal relief against the officers that would interfere with their duties. Hence, the proposed plaintiff's precautionary motion for stay relief is denied as unnecessary.

### Facts

The movant and proposed plaintiff, Dean Andal, has tendered to this court a proposed pleading styled "Petition For Peremptory Writ Of Mandate And Alternative Writ Of Mandate" challenging allegedly misleading statements in the City's ballot description of proposed "3/4–cent transaction and use(sales) tax" being placed before the Stockton voters at a special election on November 5, 2013.

The defendants are Stockton's City Clerk and its Registrar of Voters, with the Mayor and Does 1 through 100 named as real parties in interest

The bone of contention is the difference under California law between a "general tax," which can be approved by majority vote, and a "special tax," which requires a two-thirds majority. The immediate issue relates to the accuracy of the City's ballot statement. It is contended that a reference to using the tax to "pay for law enforcement and crime prevention services" is inconsistent with what the City wants categorized as a general tax, hence materially misleading.

This type of pre-election litigation is a cottage industry that has become a regular part of the California electoral process. *See, e.g., Howard Jarvis Taxpayers Ass'n v. City of Roseville,* 106 Cal.App.4th 1178, 132 Cal.Rptr.2d 1 (Cal.Ct.App.2003).

The City, after reviewing the proposed pleading, does not contend that the bankruptcy automatic stay of § 362(a) applies.

But the City perceives complications as to the additional automatic stay of § 922(a) previously addressed in another decision in this case. *In re City of Stockton,* 484 B.R. 372, 374–79 (Bankr.E.D.Cal.2012) ("*Stockton III*"). Despite conceding that the proposed pleading seems innocuous, it worries that the presence of "Doe" defendants and the demand for "such other and further relief as the court may deem just and equitable" opens the door to mischief that might stray into the zone of offending the § 922(a) additional stay.

The movant has responded to the City's fears by promising that he will not permit the litigation to be transmogrified into personal actions against City officers or inhabitants, that there will be no monetary claim of any nature, and he waives all rights to attorney fees and costs.

### Discussion

The line between litigation against a chapter 9 municipal debtor that does and

does not offend the bankruptcy automatic stays of § 362(a) and § 922(a) is vague.

Although these stays generally do not block litigation merely challenging the accuracy of statements in a ballot measure proposing a municipal tax, such litigation could stray into prohibited territory when it implicates a claim.

## I

First, it is important to be precise about the meaning of the term "claim" in the context of "claim against the debtor" because knowing what is, and is not, a "claim" is essential to construing the automatic stays, especially the chapter 9 additional automatic stay. 11 U.S.C. § 922(a)(1). Specialized language of bankruptcy invites confusion because "claim" has different meanings that depend on context. What is second nature to bankruptcy specialists may be counterintuitive to others.

The word "claim" means different things to different lawyers. For example, all lawyers learn that "claim" is a concept of basic jurisprudence under the rules of res judicata articulated in the Restatement(Second) of Judgments, where "claim" includes all rights of a plaintiff to relief against a. defendant arising out of a transactional nucleus of operative facts. Restatement (Second) of Judgments § 24.[1] And "claim" may have other meanings in such specialized areas of the law as insurance.

The Bankruptcy Code defines "claim" as a term of art to refer to a right to payment or a right that can be reduced to a right to payment. 11 U.S.C. § 101(5).[2] Although a broad concept that encompasses contingent, unmatured, and disputed rights, the common denominator of a Bankruptcy Code "claim" is an ultimate right to payment. In order to round up and corral stray and uncertain claims, the court is authorized to "estimate" the value of a "claim" for purposes of bankruptcy administration.[3]

1. The Restatement's concept is:
   § 24. Dimensions of "Claim" for Purposes of Merger or Bar—General Rule Concerning "Splitting"
   (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
   (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.
   Restatement (Second) of Judgments § 24.

2. The definition is:

   § 101(5). The term "claim" means—
   (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
   (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.
   11 U.S.C. § 101(5).

3. The estimation authority is:

   § 502 Allowance of claims or interests
   . . .
   (c) There shall be estimated for purpose of allowance under this section—
   (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or

In short, the meaning of the word "claim" in a bankruptcy case requires focus on the precise context because "claim" crops up in multiple contexts. When the question is the effect of a prior judgment, claim is used in the sense of the *Restatement.* Or, when an insurance contract is at issue, the meaning of claim may turn on the terms of the contract at issue or of general insurance law. But when, as here, the language of the Bankruptcy Code is in question, "claim" boils down to a right to payment as defined at § 101(5).

It is the Bankruptcy Code's § 101(5) definition of "claim" that matters for purposes of construing the § 362(a) and § 922(a) automatic stays.

## II

■ The § 362(a) automatic stay does not apply to prevent the commencement of a judicial action challenging the accuracy of a ballot statement regarding a local tax measure placed before the voters during a chapter 9 case.

■ In construing the § 362(a) automatic stay, it first is necessary to restate that section, substituting the term "property of the debtor" for "property of the estate" pursuant to § 902(1). 11 U.S.C. § 901(a). The substitution of terms is necessary because in a chapter 9 case the inapplicability of § 541 means that there is no "estate" and, hence, no "property of the estate." *Compare* 11 U.S.C. § 541, *with* § 901(a).

The restated chapter 9 version of § 362(a) is set forth in the margin.[4]

■ Six of the eight subsections of § 362(a) are plainly inapplicable to litigation aimed at an allegedly inaccurate ballot statement regarding a tax proposed during the chapter 9 case. The five of those subsections that are keyed to the phrase "before the commencement of the case" do

(2) any right to payment arising from a right to an equitable remedy for breach of performance.

11 U.S.C. § 502(c).

4. In chapter 9 cases, § 362(a), as revised pursuant to § 902(1), is:

§ 362(a). Automatic stay (chapter 9 version)

(a) Except as provided in subsection (b) of this section, a petition filed under section 301 operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the debtor, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the debtor or of property from the debtor or to exercise control over property of the debtor;

(4) any act to create, perfect, or enforce any lien against property of the debtor;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a), revised pursuant to 11 U.S.C. § 902(1).

not pertain to a dispute grounded in events that arose after the commencement of the case. 11 U.S.C. §§ 362(a)(1), (2), (5), (6), and (7). The sixth applies only to a taxpayer debtor that is a corporation. 11 U.S.C. § 362(a)(8). The Bankruptcy Code definition of "corporation" does not include a municipality. 11 U.S.C. § 101(9).

The only two subsections of § 362(a) that encompass post-petition matters that are not necessarily grounded in pre-filing events are §§ 362(a)(3) and (a)(4).

The basic subject matter of the litigation is not aimed at obtaining possession of property of the debtor, obtaining property from the debtor, or to exercise control over property of the debtor. 11 U.S.C. § 362(a)(3).

The City's money is property of the debtor within the meaning of § 362(a)(3). While the theoretical possibility of a monetary award in the form of fees, costs, or otherwise leaves a potential for offending § 362(a)(3), the movant promises that there will be no such attempt to obtain a monetary award of any nature and has expressly waived all rights to attorney fees and costs. If that assurance turns out to be inadequate, this court has tools at hand to deal with a transgression.

Nor is there a significant risk that the ballot statement litigation would lead to an act to create, perfect, or enforce any lien against property of the debtor. 11 U.S.C. § 362(a)(4). Among other things, it is not clear that a judicial lien against property of the City would, as a matter of law, be available.

In short, the § 362(a) automatic stay does not bar the filing and prosecution of the ballot statement litigation so long as it does not lead to a monetary award against the City.

### III

▮ The additional automatic stay of § 922(a) stays, inter alia, the commencement or continued prosecution of an action or proceeding against an officer or inhabitant of the debtor "that seeks to enforce a claim against the debtor." 11 U.S.C. § 922(a)(1);[5] *Stockton III*, 484 B.R. at 377–79.

The action names as parties Stockton's Mayor, City Clerk, and Registrar of Voters. Each of these individuals is within the class protected by § 922(a)(1) as an officer or inhabitant of the City.

The question becomes whether the ballot statement litigation does purports to seek, as provided by § 922(a)(1), to "enforce a claim against the debtor." 11 U.S.C. § 922(a)(1).

Here, the different meanings of claim become important. To be sure, the cause of action under California law regarding ballot statements states a "claim" within the generic procedural concept of a claim. Rather, the "claim" to which § 922(a)(1) adverts is the term as defined at § 101(5) as to which, as noted, the common denominator is a right to payment or a right that can be reduced to a right to payment. 11 U.S.C. § 101(5).

As with the analysis of § 362(a)(3), the basic subject matter of the ballot state-

---

5. The text of the additional automatic stay is: § 922(a). Automatic stay of enforcement of claims against the debtor

(a) A petition filed under this chapter operates as a stay, in addition to the stay provided by section 362 of this title, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor; and

(2) the enforcement of a lien on or arising out of taxes or assessments owed to the debtor.

11 U.S.C. § 922(a).

ment litigation does not implicate a right to payment and, at that level, would not constitute a "claim against the debtor" within the meaning of § 101(5). But it is possible that the litigation might lead to some form of monetary award in the form of fees, costs, or otherwise, that might offend § 922(a)(1). But the movant promises that there will be no such attempt to obtain a monetary award of any nature and has expressly waived all rights to attorney fees and costs. As with § 362(a)(3), if that assurance turns out to be inadequate, this court has corrective tools at hand.

In sum, based on the condition agreed by the movant forswearing all monetary relief, § 922(a)(1) does not operate to stay the ballot statement litigation.

## IV

■ A further consideration also affects the analysis of the ballot statement litigation. As part of the balance between state sovereignty and the exclusive bankruptcy power of the federal sovereign, Bankruptcy Code § 903 reserves state power to control municipalities by legislation or otherwise in the exercise of political or governmental powers of the chapter 9 municipal debtor. 11 U.S.C. § 903.[6]

Providing for, and regulating, elections and methods for approval of local taxes represents state control of the exercise of political or governmental powers of a municipality within the meaning of § 903.

■ Correlatively, Congress has barred this court from interfering with any of the political or governmental powers of the City. 11 U.S.C. § 904(1);[7] *Ass'n of Retired Employees of the City of Stockton v. City of Stockton (In re City of Stockton)*, 478 B.R. 8, 16–20 (Bankr.E.D.Cal.2012) (construing § 904).

Proposing a local tax for voter approval is an exercise of the political or governmental powers of the City within the meaning of § 904(1).

Moreover, recognition of the possibility of a need for electoral or regulatory approval of provisions in a chapter 9 plan of adjustment is embodied in the plan confirmation requirements. Regulatory or electoral approval necessary under applicable nonbankruptcy law to carry out a plan provision must either have been obtained before confirmation or the provision must be conditioned on such approval. 11 U.S.C. § 943(b)(6).[8]

---

6. That section provides:
§ 903. Reservation of State power to control municipalities
This chapter does not limit or impair the power of a State to control, by legislation or otherwise, a municipality of or in such State in the exercise of the political or governmental powers of such municipality, including expenditures for such exercise, but—
(1) a State law prescribing a method of composition of indebtedness of such municipality may not bind any creditor that does not consent to such composition; and
(2) a judgment entered under such a law may not bind a creditor that does not consent to such composition.
11 U.S.C. § 903.

7. The statute provides:

§ 904. Limitation on jurisdiction and powers of court
Notwithstanding any power of the court, unless the debtor consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—
(1) any of the political or governmental powers of the debtor;
(2) any of the property or revenues of the debtor; or
(3) the debtor's use or enjoyment of any income–producing property.
11 U.S.C. § 904.

8. The statute provides in relevant part:

§ 943 Confirmation
. . .
(b) The court shall confirm the plan if—

In light of the § 903 reservation of state power, the § 904 limitation on the power of this court, and of the § 943(b)(6) requirement of necessary electoral approval as an essential element of plan confirmation, it would be strange if the automatic stay of § 362(a) or the additional automatic stay of § 922(a) were to be construed in a manner that would thwart the ordinary course of state electoral process.

\*      \*      \*

The movant's ballot statement litigation is not subject to the automatic stay of § 362(a) or to the additional automatic stay of § 922(a), the movant having forsworn any effort to obtain any form of monetary award against the City.

An appropriate order shall be entered.

...
(6) any regulatory or electoral approval necessary under applicable nonbankruptcy law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval;

11 U.S.C. § 943(b)(6).

